UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MAYHUE TITUS JOHNSON,

    Petitioner,

vs.

RAUL LOPEZ, Warden,

    Respondent.

                                 /

No. C 11-5026 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A jury convicted petitioner of first degree murder with personal use of a firearm and being a felon in possession of a firearm. He was sentenced to fifty years to life in prison.

Petitioner appealed. The California Court of Appeal affirmed and the Supreme Court of California denied review. The issues raised here are those he raised on direct review.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) His Confrontation Clause and due process rights were violated by admission of hearsay evidence that he was sometimes known as "Butch;" (2) identification evidence admitted at trial was the product of an unduly suggestive photo array, so its admission violated his due process and confrontation rights; and (3) there was cumulative constitutional error.  These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

United States District Court
For the Northern District of California

1  　　　If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
2  the court and serving it on respondent within thirty days of his receipt of the answer.
3  　　　3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
4  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
5  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
6  and serve on respondent an opposition or statement of non-opposition within thirty days of
7  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
8  within fifteen days of receipt of any opposition.
9  　　　4.  Petitioner is reminded that all communications with the court must be served on
10  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
11  must keep the court informed of any change of address and must comply with the court's
12  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
13  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
14  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
15  **IT IS SO ORDERED.**
16  Dated:  November 23, 2011.

　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　United States District Judge

27  P:\PRO-SE\PJH\HC.11\JOHNSON5026.OSC.wpd